UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANGELA THOMAS,

                        Plaintiff,

            -against-

ANDREW M. SAUL,[1]
Commissioner of Social Security,

                        Defendant.
---------------------------------------------------------------X

**OPINION AND ORDER**

18 Civ. 11806 (PMH) (JCM)

      Plaintiff Angela Thomas ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g), challenging the decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff's application for disability insurance benefits. (Docket No. 1). On February 11, 2020, the Commissioner moved to transfer venue to the Middle District of Pennsylvania. (Docket No. 15). Plaintiff responded on March 3, 2020, confirming that she "resided in [the] Middle District of Pennsylvania at the time the action was commenced," and that she takes no position regarding the Commissioner's motion to transfer. (Docket No. 18). "Because such a motion is non-dispositive, this Court will adjudicate it by order pursuant to 28 U.S.C. §636(b)(1)(A)." *Adams v. Barnhart*, No. 03 Civ. 1362(KMW)(GWG), 2003 WL 21912543, at *1 (S.D.N.Y. Aug. 8, 2003).

      The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security…may obtain review of such decision by a civil action," and that "[s]uch action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. §405(g).

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is thus substituted as the Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

Plaintiff alleges in the Complaint that she resides in Stroudsburg, Pennsylvania, (Docket No. 1 ¶ 2), which is located in Monroe County, and acknowledges in response to the Commissioner's motion that she resided in the Middle District of Pennsylvania when the action was filed, (Docket No. 18). The Commissioner correctly asserts that Monroe County is in the Middle District of Pennsylvania. (Docket No. 16, at 5) (citing 28 U.S.C. §118(b)). Given that Plaintiff takes no position with respect to the Commissioner's motion, and acknowledges that she resided in the Middle District of Pennsylvania when the action was commenced, the appropriate remedy is to transfer the case to that district. *See, e.g.*, *Heise v. Comm'r of Soc. Sec.*, No. 15-11736, 2015 WL 5836054, at *1 (E.D. Mich. Oct. 7, 2015) (granting Commissioner's motion to transfer venue where Plaintiff resided in the Middle District of Florida); *Smart v. Astrue*, No. 09-CV-877, 2012 WL 2856127, at *1–2 (W.D.N.Y. July 11, 2012) (transferring "to the Central District of California, the district in which plaintiff resides"); *Adams*, 2003 WL 21912543, at *2 (transferring case filed in the Southern District of New York to the Eastern District of New York because the plaintiff resided in Queens at the time of filing).

    Accordingly, the Court grants the Commissioner's motion to transfer this case to the United States District Court for the Middle District of Pennsylvania. The Clerk is respectfully requested to terminate the pending motion (Docket No. 15), transfer the case to the Middle District of Pennsylvania, and close the case in the Southern District of New York.

Dated:   April 14, 2020
           White Plains, New York

                                            **SO ORDERED:**

                                            _____
                                            JUDITH C. McCARTHY
                                            United States Magistrate Judge